

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

FILED-USDC-NDTX-DA
'24 AUG 5 PM 2:42
KMB

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 3:23-CR-0421-N |
| v. | |
| JOHN CASTILLO, JR.<br>a.k.a. Pinto | |

## FACTUAL RESUME

In support of the defendant's plea of guilty to the offense in Count Two of the indictment, charging a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2, John Castillo, Jr., the defendant; the defendant's attorney, Roger Haynes; and the United States of America (the government) stipulate and agree to the following:

### I. Elements of the Offense

In order to establish the guilt of the defendant for the offense of possession with intent to distribute a controlled substance, aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2 as alleged in Count Two of the indictment, the government must prove each of the following elements beyond a reasonable doubt[1]: Possession with the Intent to Distribute a Controlled Substance, 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) -

*First*:    That the defendant knowingly possessed a controlled substance;

*Second*:    That the substance was in fact methamphetamine;

*Third:*    That the defendant possessed the substance with the intent to distribute it; and,

---

[1] Pattern Crim. Jury Instr. 5th Cir. 2.95A and 2.04 (2019).

**Factual Resume – Page 1**

*Fourth:*    That the quantity of the substance was at least 50 grams of a mixture
or substance containing a detectable amount of methamphetamine.

Aiding and Abetting, 18 U.S.C. § 2 -

*First*:    That the offense of possession of a controlled substance with the intent to
deliver was committed by some person;

*Second*:    That the defendant associated with the criminal venture;

*Third*:    That the defendant purposefully participated in the criminal venture; and,

*Fourth*:    That the defendant sought by action to make that venture successful.

## II. Stipulated Facts

John Castillo, Jr. admits and acknowledges that on or about February 21, 2022, in the Dallas Division of the Northern District of Texas, he, aided and abetted by others, including Enrique Gomez, a.k.a. Maestro, knowingly possessed with the intent to distribute and to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); 18 U.S.C. § 2.

In furtherance of the investigation, in February 2022 agents identified Castillo, Jr. as a kilogram quantity purchaser of methamphetamine from Gomez, based on intercepted phone calls over Gomez's phone. For example, on or about February 21, 2022, agents intercepted calls between Castillo, Jr. and Gomez in which Castillo, Jr. asked how quickly Gomez could get to Castillo, Jr.'s location, and Gomez responded that he could get there quickly. Castillo, Jr. explained that his customer (an unidentified female) would arrive at Castillo, Jr.'s shop in 10 to 15 minutes with money for a "whole one," and that Castillo, Jr. needed a total of three "whole ones" (meaning three kilograms of methamphetamine). Castillo, Jr. also said that he had $500.00 for the "black one"

Factual Resume – Page 2

(meaning heroin) and had all the money "right here." Castillo, Jr. asked if Gomez could complete the transaction right now, and Gomez affirmed. Castillo, Jr. later called Gomez and confirmed that he had paid Gomez $2,000, as he had not counted the money. Castillo Jr. also informed Gomez that he needed another "whole one" (meaning a kilogram of methamphetamine), but was waiting on the money. Castillo, Jr. and Gomez trafficked dozens of kilograms of methamphetamine.

After Gomez's arrest, during August and September of 2023, agents began to intercept Castillo, Jr. over the same device he had used with the Gomez transactions. Those intercepted calls revealed that Castillo, Jr. struggled to find another source of supply as dependable as Gomez and that Castillo, Jr. was breaking down the kilograms of methamphetamine and selling ounce quantities to multiple customers. After intercepting numerous calls, in September 2023 agents obtained a complaint and an arrest warrant for Castillo, Jr. which they executed as he left a motel room. In that room agents seized a loaded and stolen Smith and Wesson, MP Bodyguard 380 handgun, .380 caliber, bearing serial number KCM0689, and $1,740 of United States currency (drug proceeds). Agents also executed a search warrant at his business and seized $2,155 of United States currency (drug proceeds).

Castillo, Jr. agrees that he possessed with the intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine and that he committed each of the essential elements of the drug trafficking offense as set out in this factual resume. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of

Factual Resume – Page 3

this statement of facts is to demonstrate that a factual basis exists to support Castillo Jr.'s guilty plea to Count Two as set forth in the indictment.

AGREED AND STIPULATED on this _26_ day of ___July___, 2024.

_____
John Castillo, Jr.
Defendant

_____
Roger Haynes
Attorney for Defendant

_____
John Kull  20240805
Assistant United States Attorney

_____
~~John de la Garza~~  Phelesa Guy
Section ~~Deputy Criminal~~ Chief

**Factual Resume – Page 4**